## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN SOLOMON,
c/o Bentley Media Group
1990 K Street, NW
Washington, DC 20006

               *Plaintiff,*

      v.

MERRICK GARLAND, Attorney
General of the United States,
in his official capacity, 950
Pennsylvania Ave., NW
Washington, DC 20530,

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave., NW
Washington, DC 20530,

DEBRA STEIDEL WALL,
Acting Archivist of the United States,
in her official capacity,
700 Pennsylvania Avenue, NW
Washington, DC 20408, and

NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION,
700 Pennsylvania Ave., NW
Washington, DC 20408

               *Defendants.*

Civil Action No.: 23-759

## <u>VERIFIED COMPLAINT</u>
(For Replevin and Mandamus)

1.     This is a case about two government agencies apparently colluding to evade the Presidential Records Act.

2.     The Defendant National Archives and Records Administration administers the Presidential Records Act of 1978.

3.     The Act mandates that a former President's records "shall" be made available to him or to his designated representative. 44 U.S.C. § 2205(3).

4.     On January 19, 2021, then-President Donald J. Trump ordered the declassification and release of records related to the FBI's "Crossfire Hurricane" investigation. Memorandum on Declassification of Certain Materials Related to the FBI's Crossfire Hurricane Investigation, 86 Fed. Reg. 6,843 (Jan. 25, 2021).

5.     On June 19, 2022, former President Trump sent a letter to the National Archives designating the Plaintiff to be one of his "representatives for access to Presidential records of my administration." Exhibit 1.

6.     On June 22, 2022, the Plaintiff e-mailed Gary Stern, the General Counsel of the National Archives, requesting every record covered by President Trump's declassification order. These records were in "a binder of documents from the Russia investigation," and included "the last two approved FISA warrants the FBI sought in their fully declassified state, the debriefing documents, tasking orders and validation reports for confidential human sources Christopher Steele and Stefan Halper, and other documents." Exhibit 2 at 14.

7.     On June 23, 2022, Mr. Stern replied to the Plaintiff's e-mail, explaining that the National Archives did not have possession of the binder containing the declassified records because it had been transferred to the Department of Justice on January 20, 2021. Exhibit 2 at 13-14.

8.      On August 17, 2022, Mr. Stern acknowledged that the records belonged at the Archives, and that he encouraged the Department of Justice to act quickly for the benefit of the public. "I have asked DOJ to complete its review as quickly as possible, so that we can all have a fully releasable set of records," Mr. Stern wrote. Exhibit 2 at 1. To date, the National Archives has not indicated that the records have been returned.

9.      The Plaintiff is President Trump's designated representative in his capacity as a journalist. He has duly requested Presidential records. Therefore, under 44 U.S.C. § 2205(3), the records must be released. *See Jennings v. Rodriguez,* 138 S. Ct. 830, 844 (2018); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998) ("shall" imposes a mandatory duty).

10.     Accordingly, the Plaintiff brings this action for replevin and mandamus to recover the records wrongfully withheld and to force the defendants to comply with the law.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361.

12.     Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

13.     The Plaintiff John Solomon is former President Trump's designated representative under 44 U.S.C. § 2205(3).

14.    The Defendant Merrick Garland is the Attorney General of the United States. He is sued in his official capacity.

15.    The Defendant U.S. Department of Justice has possession and control of the Presidential records Mr. Solomon has requested. *See* Exhibit 2 at 1, 9, 13.

16.    The Defendant Debra Steidel Wall is the Acting Archivist of the United States. She is sued in her official capacity. She has the duty to "assume responsibility for the custody, control, and preservation of, and access to, the Presidential records" upon the conclusion of a President's term of office. 44 U.S.C. § 2203(g)(1).

17.    The Defendant National Archives and Records Administration administers the Presidential Records Act, and Presidential records are by operation of law subject to its control. The National Archives is responsible for making the Presidential records at issue in this case available to the Plaintiff under 36 C.F.R. § 1270.44(a)(4).

## **FACTS**

### The Presidential Records Act

18.    The Presidential Records Act generally defines the term "Presidential records" to mean "documentary materials, or any reasonably segregable portion thereof, created or received by the President … in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President." 44 U.S.C. § 2201(2).

19.     During the President's term of office, "[t]he President shall remain exclusively responsible for custody, control, and access to such Presidential records." 44 U.S.C. § 2203(f).

20.     Prior to the conclusion of a President's term of office, he may specify that certain information in his Presidential records shall be restricted for a duration not to exceed 12 years. 44 U.S.C. § 2204.

21.     Otherwise, the "Archivist shall have an affirmative duty to make such records available to the public as rapidly and completely as possible." 44 U.S.C. § 2203(g)(1). In fact, "Presidential records shall be administered in accordance with section 552 of title 5, United States Code … and for the purposes of such section such records shall be deemed to be records of [the National Archives]. Access to such records shall be granted on nondiscriminatory terms." 44 U.S.C. § 2204(c)(1).

22.     By law, the Presidential records of a former President "shall" be made available to such former President or his designated representative. 44 U.S.C. § 2205(3).

23.     "[B]efore the passage of the [Presidential Records Act], the President's papers were his property after he left office, and he was free to consult his papers at will, completely privately. The [Presidential Records Act] gives no indication that Congress intended to alter the President's historically unfettered access to his papers by, for example, making his requests to access them subject to public disclosure. Indeed, *the President and his designated representatives are the only persons afforded*

*unrestricted access to these records under the [Presidential Records Act]." Cook v. Nat'l Archives & Recs. Admin.*, 758 F.3d 168, 177 (2d Cir. 2014) (emphasis added).

<u>The Defendants Wrongfully Withhold Presidential Records</u>

24.     On January 19, 2021, President Trump ordered the declassification of the records Mr. Solomon has requested. *See* 86 Fed. Reg. 6,843. These are Presidential records because they were received by President Trump in conducting his official duties as President. 44 U.S.C. § 2201(2).

25.     On June 19, 2022, former President Trump sent a letter to the National Archives designating the Plaintiff to be one of his "representatives for access to Presidential records of my administration, pursuant to the Presidential Records Act, 44 U.S.C. §§ 2201-2207, and 36 C.F.R. §§ 1270.44(a)(4)." Exhibit 1.

26.     On June 22, 2022, Mr. Solomon sent an e-mail to the General Counsel of the National Archives, Gary Stern, requesting "a binder of documents from the Russia investigation that the President declassified with an order in his last few days in office." Exhibit 2 at 14.

27.     On June 23, 2022, Mr. Stern replied to Mr. Solomon's e-mail, explaining that, on January 20, 2021, the binder containing the declassified records had been sent to the Department of Justice for a Privacy Act review, but that it was separately able to locate "a box that contains roughly 2700 undifferentiated pages of documents with varying types of classification and declassification markings." Exhibit 2 at 13-14.

6

28.    On July 7, 2022, Mr. Solomon again e-mailed Mr. Stern, stating that he believed "the pile of documents NARA possesses from the DOJ and FBI Russia case are the documents that President Trump declassified. They were copied from the binder in preparation to be released to the news media on the morning of Jan. 20." Exhibit 2 at 12.

29.    On July 12, 2022, Mr. Stern replied to Mr. Solomon, asserting that "under the Presidential Records Act, the Trump Presidential records are not available for public access requests and review, under either [Freedom of Information Act] or the Mandatory Declassification Review (MDR) procedures, until five years after the President leaves office. See 44 U.S.C. 2204(b)(2)(A)." Exhibit 2 at 11.

30.    Mr. Stern also stated that "the binder that is now in DOJ custody is subject to FOIA," and he understood "that the approximately 880 pages [referred] for consultation to other federal agencies and agency components, including the [FBI] is a reference to the binder." *Id.* (internal quotations omitted) (first alteration in original).

31.    On August 14, 2022, Mr. Solomon sent another e-mail to Mr. Stern, asking whether Mr. Solomon agreed that the declassified Russia records met the definition of Presidential records under the Presidential Records Act. Exhibit 2 at 2.

32.    On August 17, 2022, Mr. Stern replied to Mr. Solomon, stating that the "bulk of the binder" was returned to the Department of Justice, but the "White House did, however, retain copies of the documents as Presidential records[.]" Exhibit 2 at 1.

## FIRST CLAIM FOR RELIEF
*Replevin*

33.　The Plaintiff repeats paragraphs 1-32.

34.　The Plaintiff is a "former President's designated representative" under 44 U.S.C. § 2205(3) and entitled to the Presidential records he has requested.

35.　The Defendants Garland and Department of Justice have wrongfully taken or are wrongfully in possession of and/or detaining the subject records.

## SECOND CLAIM FOR RELIEF
*Mandamus*

36.　The plaintiff repeats paragraphs 1-35.

37.　The Presidential records at issue in this case are the property of the National Archives. 44 U.S.C. § 2204(c)(1).

38.　The Defendant Wall has the duty to assume responsibility for the custody, control, and preservation of, and access to, these records under 44 U.S.C. § 2203(g)(1), and the Defendant National Archives is responsible for making them available to the Plaintiff under 36 C.F.R. § 1270.44(a)(4).

39.　The Plaintiff has a clear and indisputable right to relief. He is a designated representative of a former President who seeks Presidential records.

40.　No other adequate remedy is available to the Plaintiff.

41.　Accordingly, the Defendants have a nondiscretionary duty under the Presidential Records Act to turn over those records to him. Their persistent refusal or failure to do so is plainly and palpably wrong as a matter of law. *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023).

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that this Court:

i.       Issue a writ of replevin authorizing the recovery of any Presidential records in the possession, custody, and/or control of the Department of Justice;

ii.       Issue an order requiring the Department of Justice to cooperate with (a) the official serving and implementing the writ of replevin, or (b) other similar order, to ensure the immediate return of the Presidential records to the National Archives where they shall promptly be made available to Mr. Solomon.

iii.       In the alternative, issue a writ of mandamus compelling the Department of Justice to immediately return the subject Presidential records to the National Archives and the National Archives to immediately provide the Plaintiff unrestricted access to them.

iv.       Grant the Plaintiff such other and further relief as this Court deems proper.

## **VERIFICATION**

I verify under penalty of perjury that the foregoing is true and correct. Executed on March 21, 2023.

/s/  John Solomon_____
JOHN SOLOMON

March 21, 2022                          Respectfully submitted,


                                        */s/ Michael Ding*____
                                        MICHAEL DING
                                        D.C. Bar No. 1027252
                                        AMERICA FIRST LEGAL FOUNDATION
                                        611 Pennsylvania Ave SE #231
                                        Washington, D.C. 20003
                                        Tel.: (202) 964-3721
                                        E-mail: michael.ding@aflegal.org

                                        REED D. RUBINSTEIN
                                        D.C. Bar No. 400153
                                        AMERICA FIRST LEGAL FOUNDATION
                                        611 Pennsylvania Ave SE #231
                                        Washington, D.C. 20003
                                        Tel.: (202) 964-3721
                                        E-mail: reed.rubinstein@aflegal.org

                                        *Counsel for the Plaintiff*