APPEAL,MANDAMUS,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–00759–RJL</u>
### *Internal Use Only*

SOLOMON v. GARLAND et al

Assigned to: Judge Richard J. Leon

Cause: 28:1361 Petition for Writ of Mandamus

Date Filed: 03/21/2023

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **JOHN SOLOMON** | represented by | **Michael Ding** |
| | | 611 Pennsylvania Avenue, SE #231 |
| | | Washington, DC 20003 |
| | | (202) 964–3721 |
| | | Email: michael.ding@aflegal.org |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **MERRICK B. GARLAND** | represented by | **Julia Alexandra Heiman** |
| *Attorney General of the United States, in his official capacity* | | U.S. DEPARTMENT OF JUSTICE |
| | | Civil Division, Federal Programs Branch |
| | | Poc Agostinho, Jean |
| | | 1100 L St., N.W. |
| | | Washington, DC 20530 |
| | | 202–616–8480 |
| | | Email: julia.heiman@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **U.S. DEPARTMENT OF JUSTICE** | represented by | **Julia Alexandra Heiman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **DEBRA STEIDEL WALL** | represented by | **Julia Alexandra Heiman** |
| *Acting Archivist of the United States, in her official capacity* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION**

represented by   **Julia Alexandra Heiman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/21/2023 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number ADCDC–9942512) filed by JOHN SOLOMON. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Civil Cover Sheet, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons)(Ding, Michael) (Entered: 03/21/2023) |
| 03/22/2023 | 2 | REQUEST FOR SUMMONS TO ISSUE *for the U.S. Attorney for the District of Columbia* by JOHN SOLOMON re 1 Complaint, filed by JOHN SOLOMON. Related document: 1 Complaint, filed by JOHN SOLOMON.(Ding, Michael) (Entered: 03/22/2023) |
| 03/22/2023 | | Case Assigned to Judge Richard J. Leon. (zsl) (Entered: 03/22/2023) |
| 03/22/2023 | 3 | SUMMONS (5) Issued Electronically as to All Defendants and U.S. Attorney (Attachment: # 1 Notice and Consent)(zsl) (Entered: 03/22/2023) |
| 04/18/2023 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/7/2023. Answer due for ALL FEDERAL DEFENDANTS by 6/6/2023. (Ding, Michael) (Entered: 04/18/2023) |
| 04/18/2023 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEBRA STEIDEL WALL served on 4/12/2023 (Ding, Michael) (Entered: 04/18/2023) |
| 04/18/2023 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION served on 4/12/2023 (Ding, Michael) (Entered: 04/18/2023) |
| 05/30/2023 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/18/2023. (Ding, Michael) (Entered: 05/30/2023) |
| 05/30/2023 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF JUSTICE served on 5/18/2023 (Ding, Michael) (Entered: 05/30/2023) |
| 06/06/2023 | 9 | NOTICE of Appearance by Julia Alexandra Heiman on behalf of All Defendants (Heiman, Julia) (Entered: 06/06/2023) |
| 06/06/2023 | 10 | MOTION to Dismiss , MOTION to Dismiss for Lack of Jurisdiction by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Heiman, Julia) (Entered: 06/06/2023) |
| 06/06/2023 | 11 | ENTERED IN ERROR..... MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed |

2

| | | |
|---|---|---|
| | | Order)(Heiman, Julia) Modified on 6/7/2023; duplicate of docket entry 10 (znmw). (Entered: 06/06/2023) |
| 06/15/2023 | 12 | Consent MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by JOHN SOLOMON. (Ding, Michael) (Entered: 06/15/2023) |
| 06/20/2023 | | MINUTE ORDER. Upon consideration of plaintiff's 12 Consent Motion for Extension of Deadline for Plaintiff's Opposition to Defendants' Motion to Dismiss, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that plaintiff's opposition to defendants' motion to dismiss shall be filed no later than June 27, 2023. SO ORDERED. Signed by Judge Richard J. Leon on 6/20/2023. (lcrjl3) (Entered: 06/20/2023) |
| 06/20/2023 | | Set/Reset Deadlines: Plaintiff's Opposition due by 6/27/2023. (zjd) (Entered: 06/20/2023) |
| 06/27/2023 | 13 | Memorandum in opposition to re 10 Motion to Dismiss,, Motion to Dismiss/Lack of Jurisdiction, filed by JOHN SOLOMON. (Ding, Michael) (Entered: 06/27/2023) |
| 07/05/2023 | 14 | REPLY to opposition to motion re 10 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Heiman, Julia) (Entered: 07/05/2023) |
| 07/10/2023 | | MINUTE ORDER. It is hereby ORDERED that a motions hearing in this case is scheduled for July 25, 2023, at 4:00 PM in Courtroom 18 (in person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 7/10/2023. (lcrjl3) (Entered: 07/10/2023) |
| 07/10/2023 | | Set/Reset Hearings: Motion Hearing set for 7/25/2023 at 4:00 PM in Courtroom 18– In Person before Judge Richard J. Leon. (zsmc) (Entered: 07/10/2023) |
| 07/12/2023 | 15 | MOTION to Continue *Defendants' Partially Unopposed Motion to Reset the Hearing Date on their Motion to Dismiss* by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Attachments: # 1 Text of Proposed Order, # 2 Text of Alternative Proposed Order)(Heiman, Julia) (Entered: 07/12/2023) |
| 07/20/2023 | | MINUTE ORDER. Upon consideration of 15 Defendants' Partially Unopposed Motion to Reset the Hearing Date on Their Motion to Dismiss, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the motions hearing currently set for 7/25/2023 at 4:00 PM is VACATED and will be rescheduled by the Court at a later date. SO ORDERED. Signed by Judge Richard J. Leon on 7/20/2023. (lcrjl3) (Entered: 07/20/2023) |
| 08/18/2023 | 16 | MOTION for Partial Summary Judgment by JOHN SOLOMON. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Appendix, # 9 Appendix, # 10 Text of Proposed Order)(Ding, Michael) (Entered: 08/18/2023) |
| 08/31/2023 | 17 | Consent MOTION for Extension of Time to File Response/Reply as to 16 MOTION for Partial Summary Judgment *Defendants Consent Motion for an Extension of Time for Defendants Opposition to Plaintiffs Motion for Partial Summary Judgment and to Set a Briefing Schedule on Defendants Cross–Motion* by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. |

| | | |
|---|---|---|
| | | DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Attachments: # 1 Text of Proposed Order)(Heiman, Julia) (Entered: 08/31/2023) |
| 09/05/2023 | | MINUTE ORDER. Upon consideration of defendants' 17 Consent Motion for an Extension of Time for Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, and to Set a Briefing Schedule on Defendants' Cross–Motion, it is hereby ORDERED that the motion is GRANTED, nunc pro tunc. It is further ORDERED that the parties shall adhere to the following briefing schedule: Defendants' Opposition and Cross–Motion – September 7, 2023; Plaintiff's Opposition and Reply – September 28, 2023; Defendants' Reply – October 5, 2023. SO ORDERED. Signed by Judge Richard J. Leon on 9/5/2023. (lcrjl3) (Entered: 09/05/2023) |
| 09/07/2023 | 18 | RESPONSE re 16 MOTION for Partial Summary Judgment *Defendants' Combined Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Attachments: # 1 Memorandum in Support, # 2 Response to Plaintiff's Statement of Undisputed Material Facts, # 3 Defendants' Statement of Undisputed Material Facts, # 4 Text of Proposed Order)(Heiman, Julia) (Entered: 09/07/2023) |
| 09/07/2023 | 19 | MOTION for Summary Judgment *Defendants' Combined Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment* by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Attachments: # 1 Memorandum in Support, # 2 Response to Plaintiff's Statement of Undisputed Material Facts, # 3 Defendants' Statement of Undisputed Material Facts, # 4 Text of Proposed Order)(Heiman, Julia) (Entered: 09/07/2023) |
| 09/28/2023 | 20 | REPLY to opposition to motion re 16 MOTION for Partial Summary Judgment *Defendants' Combined Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by JOHN SOLOMON. (Attachments: # 1 Statement of Facts)(Ding, Michael) Modified link on 9/28/2023 (znmw). (Entered: 09/28/2023) |
| 09/28/2023 | 21 | RESPONSE re 19 MOTION for Summary Judgment *Defendants' Combined Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by JOHN SOLOMON. (Attachments: # 1 Statement of Facts)(Ding, Michael) (Entered: 09/28/2023) |
| 10/05/2023 | 22 | REPLY to opposition to motion re 19 MOTION for Summary Judgment *Defendants' Combined Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment* filed by MERRICK B. GARLAND, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, U.S. DEPARTMENT OF JUSTICE, DEBRA STEIDEL WALL. (Heiman, Julia) (Entered: 10/05/2023) |
| 10/10/2023 | 23 | Unopposed MOTION for Leave to File *PLAINTIFFS UNOPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTAL EXHIBIT* by JOHN SOLOMON. (Attachments: # 1 Supplement Supp. Ex. 1)(Ding, Michael) (Entered: 10/10/2023) |
| 10/12/2023 | | MINUTE ORDER. Upon consideration of 23 Plaintiff's Unopposed Motion for Leave to File a Supplemental Exhibit, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that plaintiff is granted leave to file the [23–1] supplemental exhibit on the docket. SO ORDERED. Signed by Judge Richard J. Leon on 10/12/2023. (lcrjl3) (Entered: 10/12/2023) |

| 10/12/2023 | 24 | EXHIBIT– Supplemental Exhibit to Order on Motion for Leave to File, by JOHN SOLOMON. (Ding, Michael) Modified event title on 10/13/2023 (znmw). (Entered: 10/12/2023) |
|---|---|---|
| 03/29/2024 | | MINUTE ORDER. Upon consideration of 10 Defendants' Motion to Dismiss, it is hereby ORDERED that the motion is DENIED WITHOUT PREJUDICE as duplicative of the issues and arguments raised in the parties' cross–motions for summary judgment. The Court will address all such issues and arguments together, including the Government's jurisdictional grounds for dismissal, in a future order resolving the summary judgment motions. To the extent the Government believes there are additional arguments raised in its motion to dismiss that are not addressed in the summary judgment briefing or the Court's future order, it will have the opportunity to renew those arguments after the Court's decision on the parties' motions for summary judgment. SO ORDERED. Signed by Judge Richard J. Leon on 3/29/2024. (lcrjl3) (Entered: 03/29/2024) |
| 09/16/2024 | 25 | MEMORANDUM AND OPINION denying 16 plaintiff's partial motion for summary judgment and granting in part and denying in part 19 defendants' motion for summary judgment. See attached memorandum opinion for details. SO ORDERED. Signed by Judge Richard J. Leon on 09/16/2024. (lcrjl3) (Entered: 09/16/2024) |
| 09/16/2024 | 26 | ORDER denying 16 plaintiff's partial motion for summary judgment and granting in part and denying in part 19 defendants' motion for summary judgment. See attached order for details. Signed by Judge Richard J. Leon on 09/16/2024. (lcrjl3) (Entered: 09/16/2024) |
| 10/11/2024 | 27 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 25 Memorandum & Opinion, 26 Order, by JOHN SOLOMON. Filing fee $ 605, receipt number ADCDC–11227464. Fee Status: Fee Paid. Parties have been notified. (Ding, Michael) (Entered: 10/11/2024) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SOLOMON,<br><br>                Plaintiff,<br><br>    v.<br><br>MERRICK GARLAND, *et al.*,<br><br>                Defendants. | Case No.: 1:23-cv-00759-RJL |

## NOTICE OF APPEAL

Please take notice that the Plaintiff, John Solomon, hereby appeals, to the United States Court of Appeals for the District of Columbia, this Court's Order and Opinion of September 16, 2024. *See* ECF Nos. 25 and 26.


Dated: October 11, 2024          Respectfully submitted,

                                  */s/ Michael Ding*
                                  Reed D. Rubinstein (DC Bar No. 400153)
                                  Daniel Z. Epstein (DC Bar No. 1009132)
                                  James K. Rogers (AZ Bar No. 027287)
                                  Michael Ding (DC Bar No. 1027252)
                                  AMERICA FIRST LEGAL FOUNDATION
                                  611 Pennsylvania Ave SE #231
                                  Washington, D.C. 20003
                                  Tel.: (202) 964-3721
                                  Email: michael.ding@aflegal.org

                                  *Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served this Notice of Appeal on all counsel of record through the court's ECF system this 11th day of October, 2024.


<u>/s/ *Michael Ding*</u>
Michael Ding

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN SOLOMON,             )
                         )
         **Plaintiff,**     )
                         )
        **v.**          )    **Case No. 23cv759 (RJL)**
                         )
**MERRICK B. GARLAND,** *et al.,*  )
                         )
        **Defendants.**    )
                         )

## ORDER
(September 16, 2024) [Dkt. ##16, 19]

For the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby

**ORDERED** that Plaintiff's Partial Motion for Summary Judgment [Dkt. #16] is **DENIED**.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Dkt. #19] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN SOLOMON,     )
      )
   **Plaintiff,**   )
      )
   **v.**     )   **Case No. 23cv759 (RJL)**
      )
**MERRICK B. GARLAND,** *et al.,*   )
      )
   **Defendants.**   )
      )

### MEMORANDUM OPINION
September 16, 2024 [Dkt. ## 16, 19]

Plaintiff John Solomon ("Solomon"), as former President Donald Trump's representative, has brought mandamus and replevin claims to obtain a "binder" of records under the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201–2207. Before the Court are plaintiff's motion for summary judgment on his mandamus claim, and defendant's cross-motion for summary judgment on both plaintiff's mandamus and replevin claims.

There are numerous problems with plaintiff's case. First, the Court lacks subject matter jurisdiction over plaintiff's mandamus claim. Second, the records at issue are not presidential records under the PRA because they are agency records under the Freedom of Information Act ("FOIA"). Third, plaintiff does not show any evidence in support of his replevin claim that can save him from summary judgment. For these reasons, as explained in greater detail below, I **DISMISS** plaintiff's mandamus claim for a lack of subject matter jurisdiction and **DENY** as moot plaintiff's partial motion for summary judgment. Accordingly, I **DENY IN PART** defendants' summary judgment motion as moot as to the

1

mandamus claim and **GRANT IN PART** defendant's motion for summary judgment on plaintiff's replevin claim.

## I.    BACKGROUND

### A.    Procedural History

On March 21, 2023, John Solomon filed a complaint against defendants Attorney General Merrick Garland, in his official capacity, the U.S. Department of Justice ("DOJ"), Debra Steidel Wall, Acting Archivist of the United States, in her official capacity, and the National Archives and Records Administration ("NARA").    *See* Compl. [Dkt. #1]. Defendants moved to dismiss on June 6, 2023. [Dkt. #10].   After that motion was fully briefed, plaintiff filed a partial motion for summary judgment as to his mandamus claim on August 18, 2023.   Pl.'s Partial Mot. for Summ. J. ("Pl.'s Mot.") [Dkt. #16]; Mem. of P. & A. in Supp. of Mr. Solomon's Partial Mot. for Summ. J. ("Pl.'s Summ. J. Br.") [Dkt. #16-1].   Defendants filed their opposition [Dkt. #18] and cross-motion for summary judgment [Dkt. #19] on September 7, 2023.  Both motions are now fully briefed.

On March 29, 2024, I denied defendants' motion to dismiss without prejudice as duplicative of the issues and arguments raised in the parties' cross-motions for summary judgment.  Min. Order (Mar. 29, 2024).  I explained that I would "address all such issues and arguments together, including the Government's jurisdictional grounds for dismissal, in a future [opinion] resolving the motions for summary judgment." *Id.*

### B.    The Presidential Records Act, the Freedom of Information Act, and the Federal Records Act

Three statutory schemes are relevant in this case—the PRA, the FOIA, and the

2

Federal Records Act ("FRA")—each with its own definition of the term "record." The PRA applies to presidential records—materials that are

> documentary materials, or any reasonably segregable portion thereof, created or received by the President, the President's immediate staff, or a unit or individual of the Executive Office of the President whose function is to advise or assist the President, in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President.

44 U.S.C. § 2201(2). Ownership of presidential records always vests in the United States. *Id.* § 2202 ("The United States shall reserve and retain complete ownership, possession, and control of Presidential records . . . ."). Once a President leaves office, the Archivist of NARA assumes "responsibility for the custody, control, and preservation of, and access to, the Presidential records of that President." *Id.* § 2203(g)(1). Significantly, the PRA explicitly excludes any materials that qualify as "official records of an agency (as defined in section 552(e) of title 5, United Status Code)"—that is, the FOIA—from the definition of presidential records. *Id.* § 2201(2)(B).

A record qualifies as an "agency record" under the FOIA if (1) an agency creates or obtains it and (2) is in control of it at the time the FOIA request is made, "mean[ing] that [it has] come into the agency's possession in the legitimate conduct of its official duties." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144–45 (1989). Courts in our Circuit evaluate four factors to determine the second prong of this test: "[1] the intent of the document's creator to retain or relinquish control of the records; [2] the ability of the

3

agency to use and dispose of the record as it sees fit; [3] the extent to which agency personnel have read or relied upon the document; and [4] the degree to which the document was integrated into the agency's record system or files." *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 218 (D.C. Cir. 2013) (quoting *Tax Analysts v. U.S. Dep't of Just.*, 845 F.2d 1060, 1069 (D.C. Cir. 1988), *aff'd*, *Tax Analysts*, 492 U.S. 136).

Finally, the FRA "governs the creation, management and disposal of federal records." *Armstrong v. Bush* ("*Armstrong I*"), 924 F.2d 282, 284 (D.C. Cir. 1991). For the FRA, the term "records" "includes all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency." 44 U.S.C. § 3301(a)(1)(A).[1]

Thus, "[t]he FRA and the PRA apply to distinct categories of documentary materials." *Armstrong v. Exec. Off. of the President* ("*Armstrong II*"), 1 F.3d 1274, 1290 (D.C. Cir. 1993). There is some overlap, however, between the FRA and the FOIA: FRA records qualify as "agency records" under the FOIA, *see Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 162 (1980) (Stevens, J., concurring in part and dissenting in part), and thus *not* presidential records under the PRA, *see* 44 U.S.C. § 2201(2)(B).

---

[1] The full definition continues ". . . or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of the data in them." 44 U.S.C. § 3301(a)(1)(A). Further, the term "does not include—(i) library and museum material made or acquired and preserved solely for reference or exhibition purposes; or (ii) duplicate copies of records preserved only for convenience." *Id.* § 3301(a)(1)(B).

4

### C.    Mandamus and Replevin

This Court "ha[s] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. For a writ of mandamus and for the court to assume such jurisdiction, a "plaintiff[] must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). These requirements are jurisdictional. *Citizens for Resp. Ethics in Wash. v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019). Even when each element is met, "a court may grant relief only when it finds compelling equitable grounds." *Lovitsky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020). After all, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *In re Stone*, 940 F.3d 1332, 1338 (D.C. Cir. 2019) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

To state a claim for replevin under D.C. law, a plaintiff must plead: (1) that the property in question is "the plaintiff's goods and chattels"; (2) that such property "be taken from the defendant and delivered to him"; and (3) attest that "the plaintiff is entitled to recover possession of chattels proposed to be replevied." *See* D.C. Code §§ 16-3701–16-3704; *Hunt v. DePuy Orthopaedics, Inc.*, 729 F. Supp. 2d 231, 232 (D.D.C. 2010) ("Replevin is an action 'brought to recover personal property to which the plaintiff is entitled, that is alleged to have been wrongfully taken or to be in the possession of and wrongfully detained by the defendant.'" (quoting D.C. Code § 16-3701)); *BMO Harris*

5

*Bank N.A. v. Dist. Logistics, LLC*, 2021 WL 7448012, at *3 (D.D.C. July 23, 2021).

## II.    LEGAL STANDARDS

### A.    Dismissal Under Fed. R. Civ. P. 12(b)(1)

Defendants maintain that plaintiff's mandamus claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Defs.' Mem. of P. & A. in Supp. of Cross-Mot. for Summ. J. ("Defs.' Summ. J. Br.") [Dkt. #19-1] at 4 n.2. Because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994), they must always ensure that they have subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and must dismiss any claims over which they lack subject matter jurisdiction at any time in a proceeding, *e.g.*, *Akinseye v. District of Columbia*, 339 F.3d 970, 971–72 (D.C. Cir. 2003) (remanding claim to district court for dismissal for lack of subject matter jurisdiction *sua sponte*); *Johnson v. Lightfoot*, 273 F. Supp. 3d 278, 288 (D.D.C. 2017) (dismissing claim for lack of subject matter jurisdiction at summary judgment). "Where a court lacks subject matter jurisdiction, the proper course of action is to dismiss the claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure, . . . not to grant a motion for summary judgment." *Hunter v. Rice*, 480 F. Supp. 2d 125, 130–31 (D.D.C. 2007). In evaluating subject matter jurisdiction, the Court will treat a complaint's factual allegations as true, giving the plaintiff the benefit of inferences derivable therefrom, but it will not accept as true unsupported inferences or legal conclusions. *Nat'l Ass'n of Letter Carriers, AFL-CIO v. U.S. Postal Serv.*, 419 F. Supp. 3d 127, 131–32 (D.D.C. 2019).

### B.    Summary Judgment

When the Court considers cross-motions for summary judgment, as it does here, it

must view each motion separately in the light most favorable to the non-movant and determine whether it can enter judgment in accordance with Federal Rule of Civil Procedure 56's standard for each side. *Howard Town Ctr. Dev., LLC v. Howard Univ.*, 267 F. Supp. 3d 229, 236 (D.D.C. 2017). Pursuant to Rule 56, a court should grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit." *Id.* "[T]he determination whether a genuine dispute concerning a material fact exists is itself a question of law that must be decided by the court. It does not depend upon what either or both of the parties may have thought about the matter." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2720 (4th ed.). But where the facts are disputed, the Court must make all justifiable inferences in favor of the non-movant, *see Anderson*, 477 U.S. at 255, except where the non-movant's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it," *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.    ANALYSIS

### A.    Factual Findings

In my judgment, the following facts are beyond dispute at this time based on the

---

[2] Rule 56 now uses the word "dispute," instead of "issue." *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

record in this case. *See* Fed. R. Civ. P. 56; *Celotex*, 477 U.S. 317; *Anderson*, 477 U.S. 242;

*Scott*, 550 U.S. 372.

On December 30, 2020, at the President's request, the DOJ "provided the White

House with a binder of materials related to the [FBI's] Crossfire Hurricane Investigation."

Defs.' Reply to Pl.'s Statement of Undisputed Material Facts ("SUMF") [Dkt. #19-2] ¶ 6.

On January 19, 2021, former President Trump issued a Memorandum ("Trump Memo"),

in which he stated that "the materials in that binder should be declassified to the maximum

extent possible" but "accept[ing] the redactions proposed for continued classification by

the FBI" on January 17, 2021.  Declassification of Certain Materials Related to the FBI's

Crossfire Hurricane Investigation, 86 Fed. Reg. 6843 (Jan. 19, 2021).  The Trump Memo

further states, "I have directed the Attorney General to implement the redactions proposed

in the FBI's January 17 submission and return to the White House an appropriately

redacted copy." *Id.*  This final declassification decision, however "d[id] not extend to

materials that must be protected from disclosure pursuant to orders of the Foreign

Intelligence Surveillance Court and d[id] not require the disclosure of certain personally

identifiable information or any other materials that must be protected from disclosure under

applicable law." *Id.*

On January 20, 2021, then-chief of staff Mark Meadows "return[ed] the bulk of the

binder of declassified documents to [DOJ] (including all that appear to have a potential to

raise privacy concerns)" and instructed DOJ to "conduct a Privacy Act review under the

standards that the Department of Justice would normally apply, redact material

appropriately, and release the remaining material with redactions applied." *See* Mem. from

8

Chief of Staff to Att'y Gen. (Jan. 20, 2021) ("Meadows Memo"), Pl.'s Mot., Ex. 4 [Dkt. #16-6] at 1; Pl.'s Resp. to Defs.' SUMF [Dkt. #21-1] ¶¶ 5–6.[3]  This "binder," however, is not the same "binder" of documents that the FBI provided to the White House on December 30, 2020.  As the Meadows Memo states, the binder provided to DOJ was comprised of the "bulk of the binder," meaning it is not the same as the original binder.  *See* Meadows Memo 1.  Indeed, all of these documents are part of an ongoing, separate FOIA lawsuit. *See* Pl.'s Resp. to Defs.' SUMF ¶ 9; *see also* Compl., *Jud. Watch v. Dep't of Just.*, No. 22-cv-2264 (D.D.C. Aug. 1, 2022).  Certain other documents have been released in redacted form on the FBI's FOIA reading room.  *See* Crossfire Hurricane, FBI Records: The Vault, https://vault.fbi.gov/crossfire-hurricane-part-01 (hosting over 550 documents in 5 parts). Further, NARA possesses "multiple copies of documents that appear to be from the [second] binder," but which it received from the White House.  *See* Email from G. Stern to K. Patel (July 14, 2022), Pl.'s Mot., Ex. 2  [Dkt. #16-4] at 9; Defs.' Resp. to Pl.'s SUMF ¶ 60.

### B.    Mandamus

For the Court to have subject matter jurisdiction over plaintiff's mandamus claim, plaintiff must "demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists."  *Am. Hosp. Ass'n*, 812 F.3d at 189.  Here, plaintiff cannot

---

[3] Plaintiff "disputes the assertion that Meadows 'returned' a binder to the Department of Justice" in his response to Defendants' Statement of Undisputed Material Facts.  Pl.'s Resp. to Defs.' SUMF ¶ 9. Meadows's language in his own memo that he is "returning the bulk of the binder," Meadows Memo 1, renders plaintiff's dispute "blatantly contradicted by the record" and the Court thus does not consider this in actual dispute, *Scott*, 550 U.S. at 380.

establish a "clear and indisputable right to relief" under the PRA because the PRA does not govern the records at issue. These are not PRA records because they qualify as agency records under the FOIA. *See* 44 U.S.C. § 2201(2)(B)(i); *Armstrong II*, 1 F.3d at 1292. As explained, the PRA specifically *excludes* "records subject to the FOIA from the class of materials that may be treated as presidential records." *Armstrong II*, 1 F.3d at 1292; *see* 44 U.S.C. § 2201(2)(B)(i). "Put another way, the PRA provides that the definition of 'agency' records in the FOIA trumps the definition of 'presidential records' in the PRA." *Armstrong II*, 1 F.3d at 1292; *see also* 5 U.S.C. § 552(f); 44 U.S.C. § 2201(2)(B)(i).

These records are agency records under the FOIA[4] because DOJ obtained[5] them "in the legitimate conduct of its official duties." *See Tax Analysts*, 492 U.S. at 144–45. DOJ obtained these records "in the legitimate conduct of its official duties" because: (1) Meadows's intent was clearly to relinquish control of the records to DOJ; (2) DOJ was able "to use and dispose of the records" as DOJ would in its normal course of business;[6] (3) DOJ clearly read and relied upon the records because they relate to an FBI investigation; and (4) DOJ proceeded with its Privacy Act review and there is no evidence that the records

---

[4] Indeed, the records at issue in this case are currently being processed in response to a FOIA request, *see* Compl. at 2, *Jud. Watch v. Dep't of Just.*, No. 22-cv-2264 (D.D.C. Aug. 1, 2022).

[5] Of course, DOJ originally created the documents as well. *See Tax Analysts*, 492 U.S. at 144.

[6] As defendants note, and plaintiff cannot rebut, the Meadows Memo's "instructions included no request to return the documents, no reservation of legal control, and no requirement of confidentiality." Defs.' Summ. J. Br. 1. Plaintiff stresses that the Meadows's instructions were "to make *only* Privacy Act redactions and then publicly release them." Pl.'s Reply in Supp. of His Mot. for Partial Summ. J. and Resp. to Defs.' Cross-Motion for Summ. J. ("Pl.'s Reply Br.") [Dkt. #20] at 3. That does not change the fact that Meadows clearly relinquished control by, to repeat defendants' points, not asking for the documents to be returned and not reserving any control over how DOJ would process the documents, but instead explicitly leaving that "to the standards that the Department of Justice would normally apply." *See* Defs.' Summ. J. Br. 1; Meadows Memo 1. Importantly, this differs from when courts have weighed specific and explicit restrictions on an agency's ability to use and dispose of records in seminal cases. *See Jud. Watch*, 726 F.3d at 219.

were not integrated into the agency's record system or files.[7] *Jud. Watch, Inc.*, 726 F.3d at 218; *see* Meadows Memo 1; Pl.'s Resp. to Defs.' SUMF ¶¶ 5–6.  As agency records under the FOIA, these records are specifically exempt under the PRA, *see Jud. Watch, Inc.*, 726 F.3d at 218; *Armstrong II*, 1 F.3d at 1292; 44 U.S.C. § 2201(2)(B)(i), which means plaintiff fails to show the clear right to relief required for mandamus jurisdiction.[8]

Plaintiff also fails to establish the second mandamus requirement (the violation of a clear duty to act, *see Am. Hosp. Ass'n*, 812 F.3d at 189) because as agency records subject to the FOIA, DOJ has no duty to transfer them to NARA or to plaintiff as presidential records.  Finally, plaintiff does not establish the third requirement (that no alternative remedy exists, *id.*) because these records are accessible under the FOIA—and such an action is pending.  *See supra* note 4.  Plaintiff may quibble that accessing documents through the FOIA is not the same as the binder returned to DOJ now being handed over to

---

[7] Plaintiff does not offer any argument as to why factors 3 and 4 should be analyzed differently; he simply states that these factors cut his way. Pl.'s Reply Br. 4.  That is, obviously, not persuasive, when the documents indisputably relate to an FBI investigation and the FBI, of course, is squarely part of DOJ.  By nature, this means the records would be integrated into the FBI's files; moreover, the agency has been processing them as part of a FOIA case, *see supra* note 4, and posting some of the documents to its online reading room, *see* Crossfire Hurricane, FBI Records: The Vault, *supra*.

[8] The Court can arrive at the same conclusion another way:  These are also agency records under the FOIA because they are records under the FRA, which automatically qualifies them as the former.  *See Kissinger*, 445 U.S. at 162.  These are records under the FRA because they qualify squarely as "recorded information . . . made or received by a Federal agency . . . in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them."  44 U.S.C. § 3301(a)(1)(A).  There is no dispute that DOJ received the records from then-chief of staff Meadows to "conduct a Privacy Act review under the standards that the Department of Justice would normally apply, redact material appropriately, and release the remaining material with redactions applied."  Meadows Memo 1; Pl.'s Resp. to Defs.' SUMF ¶¶ 5–6.  Therefore, these records squarely meet the test to qualify as FRA records, meaning they are automatically agency records under the FOIA, *see Kissinger*, 445 U.S. at 162, *not* presidential records under the PRA, *Armstrong II*, 1 F.3d at 1292; *see* 44 U.S.C. § 2201(2)(B)(i).

11

NARA, but the latter is not recourse available under the law because the documents in that binder are not presidential records.

Accordingly, plaintiff's mandamus claim is dismissed, *see Akinseye*, 339 F.3d at 971; *Hunter*, 480 F. Supp. 2d at 130–31, and plaintiff's partial motion for summary judgment on that claim is moot. *See Baptist Mem'l Hosp. v. Johnson*, 603 F. Supp. 2d 40, 48 (D.D.C. 2009) (denying summary judgment motion as moot after dismissing claim for lack of mandamus jurisdiction), *aff'd sub nom. Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57 (D.C. Cir. 2010).[9]

### B.    Replevin

The Court grants defendants summary judgment on plaintiff's replevin claim because plaintiff offers no evidence that he: (1) has ownership of the records at issue; (2) demands their return to him; or (3) has a right to possess them. *See* D.C. Code §§ 16-3701– 16-3704; *BMO Harris Bank*, 2021 WL 7448012, at *3–4.

*First*, plaintiff has no evidence to rebut the fact that he lacks ownership of the records. *See* D.C. Code § 16-3702. Because the records are agency records under the FOIA, they are in the custody and control of DOJ.[10]

---

[9] Plaintiff requests, that if the Court does not issue a writ of mandamus, the Court permit him to conduct expedited discovery, instead of granting summary judgment against him. Pl.'s Reply Br. 10–11. But the Court cannot reach summary judgment on plaintiff's mandamus claim because the Court does not have subject matter jurisdiction. The Court dismisses the claim and this request is necessarily mooted and denied. Finally, plaintiff's undeveloped, unclear, and misguided arguments concerning alleged constitutional issues regarding the PRA and the FOIA do not merit discussion.

[10] In fact, this initial pleading requirement makes replevin inappropriate in this case in any scenario, because even if the records were presidential records under the PRA (they are not), plaintiff *still* would not own them because the PRA specifically provides that "[t]he United States shall reserve and retain complete ownership, possession, and control of Presidential records," 44 U.S.C. § 2202, and after a President leaves office, "the Archivist of the United States shall assume responsibility for the custody, control, and preservation of, and access to, the Presidential records of that President," *id.* § 2203(g)(1).

*Second*, plaintiff does not clearly demand that the records be taken from defendants and returned to him. Rather, he is requesting a transfer of the records from one defendant, DOJ, to another, NARA. *See* Compl., Prayer for Relief (ii) (seeking "to ensure the immediate return of the Presidential records to the National Archives"). This is a fatal error when pleading a claim for replevin. *See* D.C. Code § 16-3702.

*Third*, plaintiff does not offer evidence that he has a possessory right to the records. Again, plaintiff pleads that the Archivist "has the duty to assume responsibility for the custody, control, and preservation of, and access to, these records." *See* Compl. ¶ 16; *see also* 44 U.S.C. § 2203(g)(1). This may be the case if the records here were presidential records, but they are not. Because these are agency records, DOJ has the possessory rights.[11]

In sum, plaintiff cannot survive summary judgment on his replevin claim because he does not offer any evidence that a jury could find in his favor on any of the elements for a replevin claim. *Anderson*, 477 U.S. at 248; *see* D.C. Code §§ 16-3701–16-3704; *BMO Harris Bank*, 2021 WL 7448012, at *4.

## IV.    Conclusion

For the reasons above, plaintiff's mandamus claim is **DISMISSED** under Rule 12(b)(1) for lack of subject matter jurisdiction and his partial motion for summary judgment on that claim is consequently **DENIED** as moot. Respectively, defendants'

---

[11] Similarly, plaintiff's claim that he has a right to see the records as former President Trump's designee under 36 C.F.R. § 1270.44(a)(4) (something different from a right to *possess* them) is only true if these are presidential records, and they are not.

motion for summary judgment is **DENIED IN PART** as moot as to plaintiff's mandamus claim. Finally, defendant's motion for summary judgment is **GRANTED IN PART** as to plaintiff's replevin claim.

RICHARD J. LEON
United States District Judge

14